UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREP 2927 MARCONI, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SARDE M. ESSILFIE,<br><br>    Defendant. | Case No. 2:19-cv-02457-TLN-CKD<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Sarde M. Essilfie's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of diversity and subject matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about October 24, 2019, Plaintiff OREP 2927 Marconi, LLC ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of certain real property located in Sacramento, California. (Notice of Removal, ECF No. 1 at 6.) On December 9, 2019, Defendant filed a Notice of Removal, removing the unlawful detainer action from the Sacramento Superior Court. (ECF No. 1.)

1

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332(a)(1)–(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

It appears Defendant attempts to remove the above-entitled action to this Court based on both diversity jurisdiction and federal question jurisdiction. (ECF No. 1 at 1 (citing to 28 U.S.C.

///

§ 1332 and 28 U.S.C. § 1441), 1-1 at 1 (alleging complete diversity and amount in controversy).) The Court discusses each below.

To the extent Defendant seeks to establish federal question jurisdiction, she has failed to do so. Even assuming Defendant intends to raise a federal defense or assert a counterclaim against Plaintiff's unlawful detainer action, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 6–10.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. As articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49, 60–62; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, Defendant cannot establish federal question jurisdiction.

Further, to the extent Defendant seeks to establish diversity jurisdiction, she has also failed to do so. Defendant does not make any assertions in her Notice of Removal as to either the complete diversity or the amount in controversy requirement. (*See* ECF No. 1 at 1–2.) At most, Defendant suggests these requirements are met by way of the fill-in answers she has provided on the civil cover sheet attached to the Notice of Removal (*see* ECF No. 1-1), in which Defendant indicates she (incorrectly identified as the plaintiff) resides in Sacramento, California, and Plaintiff (identified as the defendant) resides in Las Vegas, Nevada. (*Id.*) Defendant also indicates on the civil cover sheet that the amount demanded in the Complaint is $75,000 and identifies the cause of action to be "USCS 28-1332 and USCS 1441(a) Federal Constitutional question diversity [sic]." (*Id.*)

Defendant does not, however, provide any support for her assertion that Plaintiff resides in Nevada, a burden which is hers. *Gaus*, 980 F.2d at 566; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (the removing party must supply "summary-judgment-type evidence. … Conclusory allegations … are insufficient" to establish the elements of removal jurisdiction."). Consequently, the Court cannot conclude that complete diversity exists between the parties.

///

Nor does Defendant establish that the amount in controversy exceeds $75,000. Simply put, Defendant indicates on the civil cover sheet that the amount requested in the Complaint is $75,000 (ECF No. 1-1), which does not *exceed* the threshold amount in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000). Moreover, the Court does not agree that Plaintiff's Complaint seeks damages in excess of $75,000 where the cover page of the Complaint is clearly marked to be a "LIMITED CIVIL CASE" in which the amount demanded "does not exceed $10,000" (ECF No. 1 at 6), and where the Complaint specifically seeks $2,200 in past-due rent, plus $40 per day from November 1, 2019 through entry of judgment, plus attorney's fees (ECF No. 1 at 8).

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. And because Defendant has failed to meet her burden of establishing that there is complete diversity between the parties named in the suit and the amount in controversy exceeds $75,000, the Court also does not have diversity jurisdiction. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal diversity and subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.     CONCLUSION**

For the reasons stated above, Defendant's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: December 13, 2019

Troy L. Nunley
United States District Judge